# In the United States Court of Federal Claims

No. 21-2156

Filed: December 10, 2021

Re-issued: February 7, 2022[1]

|  |  |
|---|---|
| ATTAINX, INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*, | ) |
| | ) |
| and | ) |
| | ) |
| CREATIVE SYSTEMS AND CONSULTING, LLC, | ) |
| | ) |
| *Defendant-Intervenor*. | ) |

*Daniel J. Strouse*, Cordatis LLP, Arlington, VA, for Plaintiff.

*Matney E. Rolfe*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., for Defendant.

*Stephanie D. Wilson*, Berenzweig Leonard, LLP, McLean, VA, for Defendant-Intervenor.

**OPINION AND ORDER**

**MEYERS, Judge**.

    Attainx, Inc. provides IT support to maintain the software the U.S. Department of Agriculture ("USDA" or the "Department") uses to support loans to farmers. The Department is in the process of modernizing this software and chose to procure the work for the next phase of its modernization effort through a blanket purchase agreement, which limited the companies eligible to compete. Attainx is not one of the companies eligible to compete for the contract for

---

[1] The Court issued this opinion under seal and directed the Parties to confer and propose any redactions pursuant to the protective order. Because the Parties advise that no redactions are necessary, ECF No. 35, the Court re-issues this opinion in full.

the next phase of the Department's modernization.  Attainx did not protest the Department's choice of contracting vehicle prior to the proposal submission deadline, nor does it do so before this Court.  Rather, it protests the reasonableness of the prices the bidders submitted and, therefore, challenges the bidders' eligibility for award.  Attainx, however, fails to meet either requirement for standing in a bid protest – *i.e.*, it is not an "interested party" – because it is neither an actual nor prospective offeror for the contract and has no direct economic interest here.  Accordingly, the Court grants the Government's and Intervenor's motions to dismiss.

**I.    Background**

The USDA offers multiple loan programs that help farmers get financing to maintain their farms.  ECF No. 1 ¶ 5 (citing https://www.fsa.usda.gov/programs-and-services/farm-loan-programs/index).  To provide these loans, the USDA utilizes a collection of software and applications known as the Farm Loan Program Systems.  *Id.* ¶ 6.  Attainx has, since 2018, provided IT "sustainment and enhancement services" to the USDA for the software.  *Id.* ¶ 7.  Specifically, Attainx helped update the USDA's software to "improve data integrity, data shared between systems and applications, reduce duplicative data entry, and bring structural integrity to the foundational systems that will drive customer improvements."  ECF No. 1-1 at 4-5[2] (Complaint Ex. 1).

At some point during Attainx's contract the USDA "began preparing for the next phase of its Farm Loan Program Systems modernization effort."  ECF No. 1 ¶ 8.  By July 2021, the USDA determined that it was not ready to issue the solicitation for the next phase and modified Attainx's contract to extend performance through January 28, 2022.  *Id.* ¶¶ 8-9.  At about the same time, the USDA issued a solicitation for the next phase of modernization through the U.S. Department of Agriculture IT Support Services ("DAITSS") Blanket Purchase Agreement (the "BPA").[3]  Because Attainx did not hold a DAITSS BPA contract, it was ineligible to compete for the work.  *Id.* ¶¶ 10-11.

As the GAO found, Attainx learned of the USDA's intent to procure the phase 2 services through the BPA on July 28, 2021, when a BPA holder called to inquire about a potential teaming agreement.  ECF No. 1-1 at 31 (Complaint Ex. 7).  The USDA released the solicitation to BPA holders on July 30, 2021.  *Id.*  On August 16, 2021, Attainx wrote to the contracting officer that it was aware that USDA was procuring the new services under the BPA and "stated that it hoped the agency 'would give us an opportunity to compete and not use a Forest Service vehicle which will limit competition.'"  *Id.* at 31-32.  Proposals were due August 17, 2021.  *Id.* at 32.  Attainx did not protest.

On September 22, 2021, the USDA awarded Creative Systems and Consulting, L.L.C. ("CSC") the call order at issue.  ECF No. 1 ¶ 12.  On October 1, 2021, Attainx protested the

---

[2] Because Plaintiff's exhibits do not have continuous page numbering, the Court cites to the page numbers in the ECF header.

[3] "A blanket purchase agreement (BPA) is a simplified method of filling anticipated repetitive needs for supplies or services by establishing 'charge accounts' with qualified sources of supply."  48 C.F.R. § 13.303-1(a).

award to CSC before the GAO. *Id.* ¶ 13. The GAO dismissed Attainx's protest on October 27, 2021. *Id.* ¶ 14. This protest followed. After briefing on the jurisdictional issue,[4] argument was held on December 6, 2021.

## II.   Discussion

### A.   Standard of Review

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept as true all undisputed facts asserted in the . . . complaint and draw all reasonable inferences in favor of the [non-movant]." *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (quoting *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)). Further, the Court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). The Court may consider not only "the allegations in the complaint, [but] may also look to 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *A&D Auto Sales, Inc., v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)); *see Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (collecting cases). If the Court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." RCFC 12(h)(3).

### B.   Plaintiff lacks standing to challenge the USDA's contract award.

"[S]tanding is a threshold jurisdictional issue." *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–04 (1998)). Although Congress established this Court under Article I, it "'applies the same standing requirements enforced by other federal courts created under Article III.'" *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009) (quoting *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003)). And in a bid protest such as this, 28 U.S.C. § 1491(b) imposes further statutory standing requirements that are "more stringent standing requirements than Article III." *Weeks Marine*, 575 F.3d at 1359 (citing *Am. Fed'n of Gov't Emps. v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001)).

Under Section 1491(b)(1), this Court has jurisdiction to hear bid protests brought by "an interested party." Given that Congress did not define "interested party" as it appears in Section 1491(b), the Federal Circuit adopted the definition of "interested party" found in the Competition in Contracting Act, 31 U.S.C. § 3551 ("CICA"). Therefore, to be an "interested party," Attainx must be an "actual or prospective bidder[] or offeror[] whose direct economic interest would be affected by the award of the contract or by failure to award the contract." *Am. Fed'n of Gov't Emps.*, 258 F.3d at 1302. And the Circuit has reduced this to a two-part test. To establish standing, Attainx must "establish that it (1) is an actual or prospective bidder, and (2) possesses the requisite direct economic interest." *Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307

---

[4] The Parties jointly proposed a bifurcated briefing schedule in which they would brief jurisdiction, produce the administrative record, and, if necessary, brief the merits of Attainx's protest. *See* ECF No. 10.

(Fed. Cir. 2006) (citation omitted).  Because this test is stated in the conjunctive, Attainx must establish both prongs.  Attainx fails both.

        1.    <u>Attainx is not an actual or prospective bidder.</u>

About the only thing the Parties agree upon regarding Attainx's standing is that it is not an actual bidder.  When a party does not submit a proposal, "it is not an 'actual bidder.'" *Id.*  Because this case involves an order placed against a BPA that Attainx does not have, it could not submit a proposal.  Therefore, the question is whether Attainx qualifies as a prospective bidder.  It does not.

As a general matter, "'in order to be eligible to protest, one who has not actually submitted an offer must be *expecting* to submit an offer prior to the closing date of the solicitation.'"  *Id.* at 1308 (quoting *MCI Telecomms. Corp. v. United States*, 878 F.2d 362, 365 (Fed. Cir. 1989)).  In other words, the "prospective offeror" prong generally applies only in a pre-award protest.  *Aero Spray, Inc. v. United States*, No. 21-1079, 2021 WL 5023371, at *17 (Fed. Cl. Oct. 28, 2021).  As a result, "'the opportunity to qualify either as an actual or a prospective bidder ends when the proposal period ends.'"  *Rex Serv. Corp.*, 448 F.3d at 1308 (quoting *MCI Telecomms. Corp.*, 878 F.2d at 365).  "After the date for submission of proposals has passed, however, the would-be protestor can no longer realistically expect to submit a bid on the proposed contract, and, therefore, cannot achieve prospective bidderhood with regard to the original solicitation."  *MCI Telecomms. Corp.*, 878 F.2d at 365.

Here, Attainx asserts that it "qualifies as a prospective offeror because it challenged the illegalities in the evaluation that render **all actual offerors** ineligible for award."  ECF No. 29 at 4.  This is because "[i]f Attainx prevailed in its protest, the USDA would be required to remove the requirement from the DAITSS BPA—where the USDA is unable to obtain reasonable pricing—and recompete it outside that vehicle."  *Id.*  But for the Court to reach Attainx's challenge on the merits, Attainx must establish its standing to protest *the challenged contract award*.  And Attainx's "stated intention to submit a proposal in response to any resolicitation, and its efforts to secure resolicitation by filing a protest, *can do nothing to create the necessary interested party status*."  *MCI Telecomms. Corp.*, 878 F.2d at 365 (emphasis added).

Attainx tries to get around *MCI*, *Rex Service*, and their progeny by arguing that those cases do not involve circumstances in which the Government precluded the Plaintiff from bidding.  Thus, Attainx agrees that if it could have bid but chose not to, it would not be able to protest now.  But here, Attainx argues that because it does not hold a contract under the DAITSS BPA, the Government prohibited it from bidding, and it cannot be faulted for not submitting a bid.  To support this argument, Attainx relies on several cases that allow non-bidders to protest contract awards when the Government prevented the plaintiff from bidding.  ECF No. 29 at 4-11.  But each of these cases is readily distinguishable because each relies on a determination that the Government *improperly* prevented the plaintiff from bidding.

Of course, if there was no basis to protest the choice to use the BPA, then Attainx was not "improperly" excluded from competing for the BPA order.  This is because BPA orders are necessarily limited to those that hold the BPA.  According to the FAR, a BPA is a "simplified method of filling anticipated repetitive needs for supplies or services *by establishing 'charge*

4

*accounts' with qualified sources of supply*." 48 C.F.R. § 13.303-1(a) (emphasis added). Attainx is not one of those "qualified sources of supply" and its exclusion from the competition was not improper.

Attainx relies heavily on the GAO's decision in *Crawford Laboratories*, B-277069, 1997 WL 532508 (Comp. Gen. Aug. 29, 1997), for the proposition that it has standing to challenge the USDA's award even though it did not submit a bid. ECF No. 29 at 4-5. Of course, GAO opinions are not binding on this Court and may provide (at most) persuasive authority. *Sotera Defense Sols., Inc. v. United States*, 118 Fed. Cl. 237, 255 (2014) (stating that GAO decisions are not binding on the Court of Federal Claims). In *Crawford*, the plaintiff requested an invitation for bids from the Government, which the Government indicated it would provide but did not. 1997 WL 532508, at *1. Critically, Crawford alleged "that it was *improperly* not given the opportunity to compete for these items . . . ." *Id*. (emphasis added). That is not the case here and Attainx does not argue otherwise. And the Court need not speculate on how to apply *Crawford* or any other GAO precedent to the facts here. The GAO squarely rejected Attainx's arguments and held that it is not an interested party in this matter because it does not hold a DAITSS BPA and, therefore, has no chance of award. ECF No. 1-1 at 33 (Complaint Ex. 7).

Attainx's reliance on *Razorcom Teleph & Net, LLC v. United States*, 56 Fed. Cl. 140 (2003), is similarly misplaced. In *Razorcom*, the Government failed to send the plaintiff an amendment to the solicitation that changed the submission deadline and, as a result, plaintiff did not submit its proposal before the deadline. *Id*. at 141. In this circumstance, Judge Bruggink found that "[t]he concept of interested party is broad enough to leave room for a non-bidder *to assert that an alleged agency error lead* [sic] *to its failure to bid*." *Id*. at 142 (emphasis added). *Razorcom* does not help Attainx because Attainx does not allege that the USDA choice to use the DAITSS BPA was erroneous when made.

Attainx also relies on *Savantage Financial Services, Inc. v. United States*, 81 Fed. Cl. 300 (2008). But *Savantage* fails to help Attainx in this case because it deals with a sole source award that allegedly violated CICA's competition requirement. *Id*. at 306. Such a protest challenges the decision to issue a sole source award. And the standing rules in such challenges are different than in run-of-the-mill challenges to a contract award decision. As Judge Futey explained:

> Where a claim is made that the government violated CICA by refusing to engage in a competitive procurement, however, the Court of Federal Claims has held that "it is sufficient for standing purposes if the plaintiff shows that it likely would have competed for the contract had the government publicly invited bids or requested proposals."

*Id*. (quoting *CCL, Inc. v. United States*, 39 Fed. Cl. 780, 790 (1997)). Because Attainx does not allege a CICA violation, *Savantage* does not help it establish standing here.

The same is true of Attainx's reliance on *ATA Defense Industries, Inc. v. United States*, 38 Fed. Cl. 489 (1997), abrogation recognized in *Balt. Gas & Elec. Co. v. United States*, 290 F.3d 734 (4th Cir. 2002), which challenged the Army's use of a sole source contract that Plaintiff alleged violated CICA's competition requirement. As Judge Firestone aptly explained, *ATA*

5

"held that where the government limits participation in an RFQ to offerors holding FSS contracts, but where the government also seeks items that are not on the FSS, a non-FSS contractor could have standing to challenge the government's decision to limit the procurement to offerors on the FSS." *Three S Consulting v. United States*, 104 Fed. Cl. 510, 520 (2012), *aff'd*, 562 F. App'x 964 (Fed. Cir. 2014). And "*when the alleged violation itself prevents a plaintiff from being an 'interested party,'* the government cannot rely on that violation to exclude plaintiff from challenging the award under the Tucker Act." *Id.* (emphasis added) (citing *ATA Defense Indus., Inc.*, 38 Fed. Cl. at 495).

Here, in its response to the motions to dismiss, Attainx attempts to shift its argument and argue that the USDA's faulty market research led to the *choice* to use the DAITSS BPA and improperly precluded Attainx from submitting a proposal. ECF No. 29 at 8. But the Complaint alleges no such thing. Instead, the Complaint alleges that the Government failed to conduct adequate market research when determining that the proposals' pricing was reasonable. Only Count 2 addresses market research, so if Attainx's argument has any purchase in the Complaint, it must be there. *See* ECF No. 1 ¶¶ 25-33. And there, the Complaint can only refer to market research after receipt of proposals because Attainx complains about the disparity in the announced price of the award and what Attainx claims to be able to perform the "same" work for.[5] According to the Complaint, this "market research would have demonstrated that the award price of more than $23 million was unreasonable." *Id.* ¶ 28. And the Complaint goes further in summarizing Count 2:

> The agency's *lack of market research when conducting its price reasonableness analysis* resulted in an unreasonable award decision. But for the agency's failure to consider Attainx's current pricing in its award to CSC—and the evaluation of all other DAITSS BPA offerors—USDA would have concluded that it could not receive a reasonable price under its chosen procurement vehicle, after it received proposals.

*Id.* ¶ 33 (emphasis added). None of the allegations support the argument that the market research performed when determining to use the BPA was flawed and rendered that choice improper. But Attainx cannot amend its Complaint in its response to the motions to dismiss. *Davis v. United States*, 108 Fed. Cl. 331, 337 n.4 (2012) ("As judges of this court have noted: '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (citations omitted).

Assuming that the Complaint could be read to challenge the USDA's choice to use the BPA to procure the work and the case could proceed to the merits, the Court would necessarily find such an argument waived. Attainx was unquestionably aware of the USDA's choice to use the BPA prior to the submission deadline for proposals but did not protest it. According to the Complaint:

---

[5] The parties dispute whether the new award is for the same scope of work that Attainx has been performing or for a broader scope of work.

- Attainx learned of the USDA's intent to procure the phase 2 services through the BPA on July 28, 2021, when a BPA holder called to inquire about a potential teaming agreement. ECF No. 1-1 at 31 (Complaint Ex. 7).

- The USDA released the solicitation to BPA holders on July 30, 2021. *Id*.

- On August 16, 2021, Attainx wrote to the contracting officer that it was aware that the USDA was procuring the new services under the BPA and "stated that it hoped the agency 'would give us an opportunity to compete and not use a Forest Service vehicle which will limit competition.'" *Id*. at 31-32.

- Proposals were due August 17, 2021. *Id*. at 32.

It was this timeline that the GAO found made Attainx's challenge to the choice of contract vehicle untimely. *Id.* at 32 (Complaint Ex. 7). Here, *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308 (Fed. Cir. 2007), and its progeny would require the same determination as well. In *Blue & Gold*, the Circuit held "that a party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims." *Id*. at 1313.

Therefore, Attainx does not qualify as an actual or prospective bidder for the challenged award and lacks standing.

2. Plaintiff has no economic interest in this matter.

Attainx asserts that it has an economic interest in this matter because it challenges every DAITSS BPA holder and "would be eligible to compete for any reasonably competed (and awarded) work." ECF No. 29 at 11. The Federal Circuit has never hinted that the term "interested party" is so capacious as to include a non-bidder that was properly excluded from competition just because that non-bidder challenges every bidder's proposals and asserts its intent to compete in a requested new procurement. But the Circuit *has* indicated that such a non-bidder is not an interested party. In *MCI*, the Circuit held that a plaintiff's "stated intention to submit a proposal in response to any resolicitation, and its efforts to secure resolicitation by filing a protest, *can do nothing to create the necessary interested party status*." 878 F.2d at 365 (emphasis added). Unsurprisingly, Attainx does not cite a single case to the contrary.

Thus, the Court looks to the traditional means of proving a direct economic interest sufficient to establish standing. The key question in this analysis is whether, but for the alleged errors in the procurement, Attainx would have had a "substantial chance of receiving *the challenged contract award at issue*." *Aero Spray, Inc.*, 2021 WL 5023371, at *16 (citing *Info. Tech. & Applications Corp. v. United States*, 316 F.3d 1312, 1319 (Fed. Cir. 2003)). To establish standing, a plaintiff must show "a 'substantial chance' it would have received the contract award but for the alleged error in the procurement process." *Info. Tech. & Applications Corp.*, 316 F.3d at 1319 (citation omitted). Attainx never had a substantial chance of being awarded the call order because the challenged order was awarded under the DAITSS BPA. Attainx admits that it did not possess a DAITSS BPA contract. Because Attainx did not possess

7

a DAITSS BPA contract, it was ineligible to compete for the RFQ. Attainx admits as much in its complaint. ECF No. 1 ¶ 11. And if Attainx was unable to compete in the RFQ because they lacked the DAITSS BPA, Attainx did not have a substantial chance of receiving the call order at issue. Thus, Attainx does not possess a direct economic interest and consequently is unable to establish standing.

### III. Conclusion

As explained above, Attainx argues that because it alleges that each of the actual offerors is ineligible for award, the fact that Attainx itself is ineligible for award does not matter. On this theory, standing is meaningless. Because Attainx lacks standing to challenge the disputed contract award, the Court **GRANTS** the Government's motion to dismiss, ECF No. 24, and **GRANTS** the Defendant-Intervenor's motion to dismiss, ECF No. 23. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                      s/ Edward H. Meyers
                                                      Edward H. Meyers
                                                       Judge